1

2

3

4                                                                **E-FILED on**    5/22/05      

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9         FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11

12 DIGITECHNIC, S.A., a French corporation, and    No. C-04-00916 RMW
CARRI SYSTEMS, a dba of DIGITECHNIC, a

13 French corporation                    ORDER GRANTING DEFENDANTS'
                                     MOTION TO EXONERATE BOND

14               Plaintiff,           **[Re Docket No. 48]**

15         v.

16 SUPERMICRO COMPUTER, INC., a California
corporation, also known as SOCIETE

17 SUPERMICRO in France

18            Defendants.

19

20       Defendants Supermicro Computer, Inc., and Societe Supermicro ("Supermicro") move to

21 exonerate a bond posted as security pending the resolution of an appeal in the French court system of the

22 underlying case between Supermicro and plaintiff Digitechnic, S.A., dba Carri Systems ("Digitechnic").

23 Digitechnic opposes the motion.  After considering the parties' papers and argument of counsel, the court

24 grants defendants' motion to exonerate the bond.

25                          **I.  BACKGROUND**

26       The underlying action between the parties is a dispute arising out of an agreement to purchase

27 personal computer motherboards.  Plaintiff prevailed in the Commercial Court of Bobigny, France

28 ("Bobigny Court"), which awarded Digitechnic damages of €862,491 on September 11, 2003.

1   Digitechnic subsequently sought to enforce the award against Supermicro in this court.  Supermicro, having

2   appealed the Bobigny Court decision to the Paris Court of Appeals, moved for a stay of this action pending

3   the resolution of that appeal.  On June 21, 2004, the court issued a stay of these proceedings subject to

4   Supermicro posting a bond of 1.5 times the amount of the judgment under appeal.[1]

5        Supermicro posted the bond as required on July 16, 2004.  On February 25, 2005, the Paris

6   Court of Appeals reversed and set aside the Bobigny Court's decision, found Digitechnic's claims to be

7   inadmissible, and ordered Digitechnic to pay Supermicro  €9000 and the cost of proceeding in the lower

8   court.  Digitechnic does not dispute that this was the outcome of the Paris Court of Appeal proceedings.[2]

9   It has, however, initiated two separate attacks on the Paris Court of Appeals' decision.

10       On April 4, 2005, Digitechnic filed an appeal with the Cour de Cassation, France's highest court.

11  It also filed a separate action in the Bobigny Court to declare the translation of the warranty used in the

12  French appellate proceedings false.  A hearing in the new Bobigny action is scheduled for June 2, 2005.

13  Pickering Decl., Ex. 2.  Should it prevail, Digitechnic intends to challenge the Paris Court of Appeal's

14  decision on that ground.

## II.  ANALYSIS

### A.        Proceedings in the French courts

17       French judicial courts are separated into courts of original jurisdiction (tribunaux d'instance and

18  tribunaux de grande instance), courts of appeal (cours d'appel), and a high court (Cour de Cassation).

19  Nicolas Marie Kublicki, *An Overview of the French Legal System from an American Perspective*,12

20  B.U. Int'l L.J. 58, 60 (1994).  As set forth above, plaintiff appears to be in the process of attacking the

21  current French decision at both the trial and appellate levels.

---

[1]     At plaintiff's request, the court subsequently clarified its order granting the stay on July 9, 2004.  Revised Order Granting Defendant's Motion to Stay Proceedings Pending Resolution of Appeal ("Revised Order").

[2]     Plaintiff does, however, contest page 16 of the translation of the Paris Court of Appeals judgment.  It asserts that defendants' translation is materially incorrect and filed a separate evidentiary objection asking this court to require a certified translation of the judgment prior to ruling on this motion. Mem. of Evidentiary Obj. to Decl. Supp. Mot. to Exonerate Bond ¶ 2.  The specific provision at issue appears to relate to defendant's translation into English for this court of the French translation used before the French Court of Appeals of the original contract provision regarding limited liability (which was originally in English).  This provision appears to be material to plaintiff's case(s) in France.  However, because plaintiff has not explained why page 16 is relevant to *this* motion, the court finds it appropriate to rule on the motion based on the uncontested provisions of the judgment.

### 1.   Appeal

A decision of a court of original jurisdiction like the Bobigny Court may be appealed by right to a court of appeal like the Paris Court of Appeal.[3]  *Id.* at 64.  Decisions from a Court of Appeal may be appealed to the Cour de Cassation.  Appeals to the Cour de Cassation are effectuated via *pourvois en cassation*.  *Id.* at 66.  Plaintiff filed a *pourvoi* in the Civil Chamber of the Cour de Cassation on April 4, 2005.  Lecomte Reply Decl., Ex. A, B.  "Once a pourvoi en cassation has been filed, the Cour de Cassation may either dismiss the pourvoi (rejetter le pourvoi) or quash the decision of the court below (casser or annuler le pourvoi)."  *Id.*

As set forth above, Supermicro successfully appealed to the Paris Court of Appeal, which issued its decision on February 25, 2005. Consistent with plaintiff's arguments in opposition to defendants' previous motion to stay, defendants argue that decisions of the French Courts of Appeal are immediately enforceable.   Supermicro thus argues that the Paris Court of Appeal's decision to vacate the judgment against it means that plaintiff no longer has a valid judgment subject to enforcement in United States courts. On reply, it further asserts that under most circumstances, a decision must be enforced for it to be reviewable by the Cour de Cassation.  Because the decision of the Court of Appeal has not been enforced, Supermicro contends that review would be rejected by the Cour de Cassation.

In addition to asserting that Digitechnic's appeal cannot properly be heard before France's highest court, Supermicro expresses concern that an outcome in the Cour de Cassation favoring Digtechnic may result in a lengthy appeal process.  Should the Cour de Cassation accept the appeal, it will decide the points of law reviewed.  If it disagrees with the Court of Appeal, it may remand the case to a Court of Appeal (a different cour d'appel from whence the appeal originated).  *Id.*  On remand, the cour d'appel is not bound by the decision of the Cour de Cassation, essentially reviewing the case *de novo.*  *Id.*  If the ruling of the second cour d'appel is in agreement with the decision of the Cour de Cassation, the judgment becomes final, but if the cour d'appel rules similarly to the original cour d'appel, the case may be appealed

---

[3]    Because the French court system does not involve trial by jury, appeals to the courts of appeal, effectuated by an appel, are *de novo*, with no deference given to the lower court's findings of fact or conclusions of law.  "The cours d'appel often make different findings of fact than the tribunaux d'instance or de grande instance."  *Id.* at 64.  Appeals to the Cour de Cassation are effectuated by a *pourvoi en cassation*, which precludes review of questions of fact.  *Id.* at 67.

1    again to the Cour de Cassation.  Once this occurs, the Cour de Cassation may either dismiss the petition

2    for review or quash the decision of the second cour d'appel.  *Id.* at 66-67.  Digitechnic does not address

3    this concern.

4                              **2.     Bobigny suit**[4]

5            As set forth above, plaintiff has also filed suit in the Bobigny Court seeking a declaration that the

6    translations used in the appeal were false.  Should it succeed in this action, Digitechnic intends to challenge

7    the Paris Court of Appeal's decision on that ground.  The court is unconvinced that the collateral attack on

8    the French translations of the agreements launched by Digitechnic in the Bobigny Court constitutes a proper

9    course of appeal.

10           **B.     Cost of renewing the bond**

11           Supermicro further asserts that continuing to maintain the bond is a great burden upon the company,

12   requiring it to spend over $35,000 per year to pay for a line of credit and freezing over $1.7 million of its

13   assets being used as security for that line of credit.  The line of credit is up for renewal at the beginning of

14   May, which Supermicro claims will cost it over $17,000 to renew for the 2005-06 period.

15           **C.     Conclusion**

16           Based on the court's understanding of the French appellate process, the court concludes that there

17   is presently no judgment executable in France in favor of plaintiff to be secured by the bond ordered on

18   June 21, 2004.  The *pourvoi* filed by Digitechnic in the Cour de Cassation can lead to one of two results

19   (1) the court rejects the *pourvoi*, thereby upholding the Paris Court of Appeal's decision, in which case

20   there is no enforceable judgment against Supermicro; or (2) the court quashes the decision of the Paris

21   Court of Appeal, which then results in a trial *de novo* by another cour d'appel.  Until that court of appeal

22   makes a determination, there is likewise no enforceable judgment against Supermicro.  And, as set forth

23   above, the court considers the Bobigny challenge to be a collateral attack rather than an appeal.

24           Although Digitechnic argues that this result is inconsistent with the court's previous election to follow

25   California law in requiring the bond in the first instance, the court disagrees.  Although Digitechnic argued

26   _____

27        [4]       At oral argument, plaintiff's counsel characterized the proceedings scheduled for June 2,
     2005 as being before the appellate court.  However, from plaintiff's briefing it is clear that the challenge to

28   the French translations used in the appellate proceedings was initiated in the Bobigny Court, a tribunal de
     grande instance.  Although Supermicro submitted a letter to the court to clarify that the proceedings were
     not appellate proceedings, the court did not consider that submission.

1   that the judgment against Supermicro was immediately enforceable under French law and that a stay was

2   inappropriate, the court exercised its discretion under the Uniform Foreign Money Judgments Recognition

3   Act and stayed the enforcement proceedings pending Supermicro's appeal. Cal. Civ. Proc. Code § 1713.6

4   ("[T]he court may stay the proceedings until the appeal has been determined or until the expiration of a

5   period of time sufficient to enable the defendant to prosecute the appeal.").  To protect Digitechnic's interest

6   in that judgment, it required Supermicro to post a bond as security.  However, in the absence of an

7   enforceable judgment against Supermicro, that bond must be exonerated.

8                                       **III.  ORDER**

9          For the foregoing reasons, the court grants defendants' motion to exonerate the bond.

10

11

12   DATED:        5/22/05                              /s/ Ronald M. Whyte
                                                     RONALD M. WHYTE
13                                                   United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **Notice of this document has been electronically sent to:**

2    **Counsel for Plaintiff:**

3    Michael L. Pickering             pickerng@c-zone.net

4

    **Counsel for Defendants:**

5

6    Jeffrey J. Lederman             jlederman@winston.com
    Thomas A. Burg               thomas.burg@dlapiper.com

7

8

9

    **Dated:**       5/22/05                    /s/ MAG

10                                      **Chambers of Judge Whyte**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28